UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DELEON,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | § | C.A. NO. C-05-096 |
| | § | |
| CITY OF CORPUS CHRISTI, ET AL.<br>     Defendants. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Pending before this Court is defendant Collins and defendant City of Corpus Christi's Motions to Dismiss under Rule 12(b)(6). (D.E. 9, 10). This Court GRANTS the motions and dismisses the case with prejudice.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. ISSUE

The issue at the heart of this motion to dismiss is whether a plea of guilty, a judicial confession, and deferred adjudication bar a section 1983 law suit arising from the same events. It is the finding of this Court that such a law suit is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

### III.  LEGAL STANDARD

The court should dismiss under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 104 S. Ct. 2229, 2232 (1984).

### IV.  FACTUAL BACKGROUND

On June 22, 2003, Corpus Christi Police Officer Billy Collins arrested plaintiff following a 911 call made by plaintiff's wife about a domestic dispute.  Defendant Collins, arrived, assessed the situation, and asked Mr. DeLeon to leave his home.  DeLeon refused to leave, and resisted when Collins told him he would take plaintiff into custody.  A scuffle ensued.  Officer Collins first sprayed plaintiff with mace. When Collins pulled out his night stick (asp), the two began wrestling.  DeLeon and Collins fought for control of the night stick.  At some point during the struggle, Officer Collins drew his weapon and fired four shots, striking the plaintiff.

Mr. DeLeon was charged with and pled guilty to assault with a deadly weapon on a police officer.  He executed a sworn judicial confession and stipulation, in which he confessed that he "intentionally, knowingly or recklessly cause bodily injury to Billy Collins, by striking him with an asp."  The court accepted plaintiff's guilty plea and expressly found "that defendant used or exhibited a deadly weapon during the commission of the offense." Plaintiff received deferred adjudication from the Court and is on probation under community supervision for ten years.

Plaintiff brings several claims, all of which arise out of the circumstances of the arrest and the force used in connection with the arrest. Plaintiff asserts under section 1983 that he was arrested without reasonable suspicion or probable cause, and that he was subjected to unreasonable excessive force, including a threat of great bodily injury and death. Plaintiff alleges "section 1983 False Arrest and/or False Imprisonment" and a " section 1983 malicious prosecution claim." Additionally, plaintiff brings pendent state law claims for false arrest and false imprisonment, malicious prosecution, intentional infliction of emotional duress, and assault and battery.

## V.  DISCUSSION

A plaintiff is barred from bringing a section 1983 claim if it is a collateral attack on the judgment in his criminal proceeding. That is, a civil claim cannot put in issue something that has been determined as a matter of law by a state court. The issue in this case is whether the guilty plea and deferred adjudication establish, as a matter of law, that the officer had probable cause and did not use excessive force.

### A.  Deferred Adjudication

The Texas Code of Criminal Procedure provides:

> when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a *plea of guilty* or plea of nolo contendere, *hearing the evidence*, and *finding that it substantiates the defendant's guilt*, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

Texas Code Crim. Proc. Art. 42.12, § 5(a) (emphasis added). Thus, deferred adjudication, as defined under Texas law, includes a judicial review of the evidence, and

a judicial finding of guilt. The Fifth Circuit has consistently held that deferred adjudication is treated as the equivalent of a conviction. *See, e.g., United States v. Joshua*, 305 F.3d 352, 353 (5th Cir. 2002).

## B. Plea of Guilty

Plaintiff asserts that a plea of guilty, as opposed to a *finding* of guilt, does not bar any subsequent section 1983 causes of action. *Hinshaw v. Doffer*, 785 F.2d 1260, 1266-67 (5th Cir. 1986). In refusing to hold that probable cause was established by plaintiff's conviction, the Fifth Circuit held

> No jury found Hinshaw guilty; rather, Hinshaw pled guilty and paid his fine at the time the police released him from jail. Hinshaw's plea, made at 2 a.m., following a severe beating, and with him in need of medical attention, does not establish that he committed the offense charged or that probable cause to believe he committed the offense existed. We do not believe that Hinshaw's guilty plea should be considered conclusive proof that probable cause existed.

*Id.* Here, however, Mr. DeLeon was represented by counsel when he waived his right to trial by jury. He did not waive this right late at night, following a severe beating, and in need of medical attention. In addition to entering a guilty plea, plaintiff executed a sworn judicial confession stipulating that he "knowingly and intentionally" struck Officer Collins. The state court found "beyond a reasonable doubt that the evidence substantiat[ed]" Mr. DeLeon's guilt. (J. Guilty Plea, D.E. 9, Exh. C). There was no confession or stipulation in *Hinshaw*. Rather, plaintiff entered a plea of guilty following the offense, and paid the fine. Thus, this Court finds that plaintiff's plea of guilty and the deferred adjudication shall be treated as a conviction.

**C. Plaintiff's Section 1983 and Pendant State Law Claims**

Plaintiff's plea of guilty, judicial confession, and deferred adjudication on the charge following his arrest are fatal to all causes of action sought.

An element essential to the false arrest, false imprisonment, and malicious prosecution claims is the absence of probable cause.[1] But, the indictment, plaintiff's confession, and the judgment of deferred adjudication establish probable cause as a matter of law. Plaintiff cannot challenge the validity of his guilty plea, sentence or judgment in a tort proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) established that "in order to recover damages . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." Because plaintiff's conviction has not been reversed or invalidated, plaintiff's claims of false arrest, false imprisonment, and malicious prosecution claims are barred as a matter of law.

Plaintiff's excessive force and assault and battery claims are also barred because plaintiff was convicted of assault with a deadly weapon. The Fifth Circuit has held that "an excessive force claim under section 1983 is barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events." *Hainze v.*

---

[1] *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) (false arrest); *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (false imprisonment); *Izen v. Catalina*, 398 F.3d 363, 367-68 (5th Cir. 2005) (federal malicious prosecution); *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997) (state malicious prosecution).

*Richards*, 207 F.3d 798, 798 (5th Cir. 2000).  Where plaintiff has been found guilty of aggravated assault with a deadly weapon, "the force used by the deputies to restrain [plaintiff], up to and including deadly force, cannot be declared excessive." *Id.*  Where plaintiff's state law assault and battery claims are premised "on the same basis advanced in support of his constitutional claim," these claims must also be dismissed. *Id.*

The Fifth Circuit has also held that when state law claims for false arrest, false imprisonment, and malicious prosecution fail as a matter of law because probable cause to arrest existed, a claim for intentional infliction of emotional distress must also fail. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 756 (5th Cir. 2001); *Hart v. O'Brien*, 127 F.3d 424, 453 (5th Cir. 1997).  To succeed on an emotional distress claim, plaintiff must prove, inter alia, that "the conduct was extreme and outrageous." *Hart*, 127 F.3d at 452 (examining Texas law).  "Conduct that is required or authorized by law cannot be extreme or outrageous." *Id.*  Because the guilty plea and judicial confession establish that the officer had probable cause, and did not act with excessive force, his conduct cannot be deemed "extreme and outrageous."  Thus, the claim for intentional infliction of emotional duress is also barred as a matter of law.

## VI.  CONCLUSION

For the foregoing reasons, this Court GRANTS defendant Collins's Motion to Dismiss and defendant City of Corpus Christi's Motion to Dismiss.  Because all claims

are barred as a matter of law, plaintiff has not stated a claim upon which relief can be granted. This Court dismisses plaintiff's action with prejudice.

ORDERED this 24th day of August, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE